# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF MICHIGAN

JOSHUA L. MOORE

    PLAINTIFF

v.

NELNET, Inc.

US DEPARTMENT OF EDUCATION

    DEFENDANT.

Case No. 22-50069-mlo

Chapter 7

Adv. Proc. No._____

_____/

BY: JOSHUA L. MOORE, in pro per
4021 Old Dominion Drive
West Bloomfield, MI 48323
(313) 412-1942

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

NOW COMES JOSHUA L. MOORE, in pro per, Plaintiff herein, and respectfully represents unto this Honorable Court as follows:

### JURISDICTION

1. The United States District Court for the Eastern District of Michigan has jurisdiction of this action pursuant to 28 U.S.C. § 1334 because plaintiff's

dischargeability complaint arises under Title 11.

2. The United States Bankruptcy Court for the Eastern District of Michigan has jurisdiction of this action pursuant to 28 U.S.C. § 157, because plaintiff's complaint arose in his bankruptcy case, number 22-50069, filed under Chapter 7 of Title 11 in this United States Bankruptcy Court for the Eastern District of Michigan.

## NATURE OF CLAIM

3. Plaintiff's dischargeability complaint is a core proceeding under 28 U.S.C. § 157(b)(2) and plaintiff consents to entry of final orders and judgment by the bankruptcy judge in this adversary proceeding.

4. Venue is proper in this district because plaintiff resides here and filed bankruptcy here.

## THE PARTIES

5. Joshua L. Moore ("plaintiff") is an individual living in West Bloomfield, Michigan. Plaintiff's educational debts to defendant are collectively referred to as his "student loans" in this complaint.

6. Nelnet, Inc. ("defendant") is currently owed a total of $145,568.91, which was incurred by plaintiff to attend college at Oakland Community College and University of Detroit Mercy.

## FACTUAL ALLEGATIONS

7. This complaint's allegations are based on personal knowledge as to plaintiff's own conduct, and are made on information and belief as to the acts of others.

8. On December 22, 2022, plaintiff filed for bankruptcy protection under Chapter 7 of Title 11. Prior to the commencement of plaintiff's bankruptcy case, plaintiff owed defendant for his student loans.

9. Plaintiff can't maintain a minimal standard of living if required to repay his student loans to defendant. Plaintiff lives paycheck to paycheck and has no disposable income left over each month to repay his student loans. Plaintiff has almost $150,000 in student loans and will never be able to fully amortize his student loans with defendants.

10. Plaintiff has made all reasonable attempts to maximize his income prior to filing bankruptcy. Plaintiff can only work part-time due to his numerous disabilities. In June of 2022, Plaintiff took on an additional part-time job as a LYFT driver so his family could make the basic necessities. This has led to a significant worsening of his health problems. Plaintiff has three minor special needs adopted children. Plaintiff's longtime partner and caregiver to their children was murdered. Plaintiff is now the only caregiver for the children. Plaintiff's current

3

23-04080-mlo    Doc 1    Filed 02/09/23    Entered 02/09/23 11:59:11    Page 3 of 5

## FACTUAL ALLEGATIONS

7. This complaint's allegations are based on personal knowledge as to plaintiff's own conduct, and are made on information and belief as to the acts of others.

8. On December 22, 2022, plaintiff filed for bankruptcy protection under Chapter 7 of Title 11. Prior to the commencement of plaintiff's bankruptcy case, plaintiff owed defendant for his student loans.

9. Plaintiff can't maintain a minimal standard of living if required to repay his student loans to defendant. Plaintiff lives paycheck to paycheck and has no disposable income left over each month to repay his student loans. Plaintiff has almost $150,000 in student loans and will never be able to fully amortize his student loans with defendants.

10. Plaintiff has made all reasonable attempts to maximize his income prior to filing bankruptcy. Plaintiff can only work part-time due to his numerous disabilities. In June of 2022, Plaintiff took on an additional part-time job as a LYFT driver so his family could make the basic necessities. This has led to a significant worsening of his health problems. Plaintiff has three minor special needs adopted children. Plaintiff's longtime partner and caregiver to their children was murdered. Plaintiff is now the only caregiver for the children. Plaintiff's current

and future earnings are severely diminished due to the facts as stated above.

11. Plaintiff has made good faith efforts to repay his student loans to defendants. Plaintiff paid his monthly payments consistently until October 28, 2020. Plaintiff began to experience significant financial issues in November 2020 and applied and was approved for a deferment from Defendant. Plaintiff is currently still in deferment and is not, nor has never been, in default with his student loans. Further, while graduating in his last semester of school, Plaintiff consolidated his student loans.

## CAUSE OF ACTION

## CLAIM ONE

(Determination of Dischargeability – 11 U.S.C. § 523(a)(8))

12. Plaintiff incorporates the above allegations by reference.
13. Based on the allegations above, this Court should determine that excepting plaintiff's debts to defendants from discharge would impose an undue hardship on plaintiff and his children.

**WHEREFORE**, plaintiff requests:

A. An order determining plaintiff's debts to defendants as alleged above are discharged pursuant to 11 U.S.C. § 523(a)(8) because excepting plaintiff's debts to

defendants from discharge would impose an undue hardship on plaintiff under the three-prong Brunner test; and

B. For other equitable relief this Court may determine is fair and just.

Dated: February 9, 2022

Respectfully Filed,

Joshua L. Moore, in pro per
4021 Old Dominion Drive
West Bloomfield, MI 48323
313-412-1942